**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| EMAD ABED, Executor, <br><br> Plaintiff, <br><br> v. <br><br> ANDREA RIOS, SURAYYAH ELSHARIF, JESUS RIOS, ANDREA ELSHARIF as Co-Personal Representatives for the estate of Seif ElSharif and Samirah Realty, LLC, SURAYYAH SEIF ELSHARIF, as Co-Personal Representatives for the estate of Seif ElSharif and Samirah Realty, LLC, ELSHARIF, LLC, and JZDA LLC, <br><br> Defendants. | CAUSE NO.: 2:22-CV-369-TLS-JPK |

**OPINION AND ORDER**

Emad Abed, a Plaintiff proceeding without counsel, filed a Complaint [ECF No. 1]

against the Defendants Andrea Rios, Surayyah ElSharif, Jesus Rios, Andrea ElSharif[1] and

Surayyah Seif ElSharif as co-personal representatives for the estate of Seif ElSharif and Samirah

Realty, LLC, ElSharif, LLC, and JZDA LLC. He also filed a Motion to Proceed In Forma

Pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is denied. The

Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Plaintiff is

granted additional time to amend his Complaint, which must be accompanied either by the

statutory filing fee or another Motion to Proceed In Forma Pauperis. If the Plaintiff fails to

---

[1] The facts in the Complaint appear to suggest Andrea Rios and Andrea ElSharif are both a natural person and are the same individual; however, the Court cannot make this conclusion absent the Plaintiff affirmatively stating as much.

amend his Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts."). To authorize a litigant to proceed in forma pauperis, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id*. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a)(1). The Plaintiff's motion establishes that he is unable to prepay the filing fee.

Under the second inquiry, a court reviews the sufficiency of the complaint to determine whether it could state a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on a defendant and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion

to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

To state a claim, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the Plaintiff's Complaint, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in his favor. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

The Plaintiff alleges that he is the executor for the estate of Seif ElSharif, a deceased person against whom and against whose estate the Plaintiff alleges the Defendants perpetrated torts and other illegal acts. *See* Compl. ¶¶ 22–42, ECF No. 1. Many of the Plaintiff's claims are not personal to the Plaintiff; rather, the Plaintiff brings them on the behalf of the decedent's estate. Indiana's survival statute permits only the personal representative of a decedent to maintain a cause of action against alleged commissioners of torts if the decedent would have been able bring such an action had the decedent survived. Ind. Code § 34-9-3-4.[2] Because the Court finds the Plaintiff's asserted facts clearly indicate he *is not* currently the decedent's estate's personal representative, it denies many of his claims.

The Complaint merely claims the Plaintiff was "appointed" executor and personal representative of the decedent's estate "by signed agreement from the decedent" before the decedent's death. *See* Compl. ¶¶ 2–3, ECF No. 1. However,

---

[2] The Court need not and does not decide whether federal court is the proper forum for adjudicating such claims because, even if it is, the Plaintiff's claims fail.

3

> "It cannot be heard to be said that the testator's naming of an Executor under his will in and of itself clothes the Executor with any rights, duties or powers." Rather, "[i]t is only when the will has been duly probated in a court of competent jurisdiction and the designated Executor appears and has the requisite qualifications under our statute and then qualifies as such Executor by taking and subscribing to his oath as such . . . that the named Executor becomes the Executor in fact and is an officer of the court and has the responsibility of caring for the assets of the estate along with the other attendant responsibilities."

*Heaphy v. Ogle*, 896 N.E.2d 551, 557–58 (Ind. Ct. App. 2008) (alteration in original) (quoting *In re Workman's Est.*, 262 N.E.2d 408, 411 (Ind. Ct. App. 1970)). Without pleading that the probate court with jurisdiction over the probate matter has designated him the personal representative of the decedent's estate, the Plaintiff has no authority to bring these personal injury claims on the estate's behalf under the survival statute. There appears to be no other avenue for such a claim, as Indiana common law instructs that personal injury actions for wrongful acts or omissions do not survive the death of the alleged victim. *See Foster v. Evergreen Healthcare, Inc.*, 716 N.E.2d 19, 24 (Ind. Ct. App. 1999). The Plaintiff consequently cannot assert in federal court the claims belonging to the decedent's estate for intentional infliction of emotional distress, civil conspiracies, and tortious interference with a business expectancy.

The Plaintiff also alleges he is entitled to a declaratory judgment validating "agreements," and, in particular, the agreement between the Plaintiff and the decedent in which the decedent allegedly named the Plaintiff the executor and personal representative of the Plaintiff's estate. Compl. ¶¶ 43–44. The Plaintiff raises two other related claims for contractual interference, both premised on the Defendant's interference with the contracts between the Plaintiff and the decedent by which the decedent allegedly named the Plaintiff the executor of the decedent's estate. *Id.* ¶¶ 34–41. This Court, however, has no authority to grant the Plaintiff such relief. "[A] federal court has no jurisdiction to probate a will or administer an estate . . . . [T]he federal court does not interfere with the probate proceedings or assume general jurisdiction

4

of the probate or control of the property in the custody of the state court." *Marshall v. Marshall*, 547 U.S. 293, 310 (2006) (quoting *Markham v. Allen*, 326 U.S. 490, 494 (1946)). Whether any agreement between the decedent and the Plaintiff naming the Plaintiff the decedent's personal representative is valid—and, any personal claims the Plaintiff may have to the decedent's assets that arise from any other agreements between the Plaintiff and the decedent—directly impact the probate matter and can only be adjudicated in the state court possessing jurisdiction over the probate matter. This Court cannot intervene. *Id.*

For similar reasons, neither can the Court adjudicate the Plaintiff's claim(s) that the Defendants embezzled from the decedent's estate. *See* Compl. ¶ 33. While Indiana probate code does permit the designated personal representative and "any other person interested in the estate" to file a petition alleging the estate assets have been embezzled, the pertinent statute mandates the petition be filed in "the court having probate jurisdiction." Ind. Code § 29-1-13-10.

The Plaintiff additionally alleges the Defendants have stolen "9-shares from the decedent's assets in the countries of Jordan and Egypt in violation of federal law." Compl. ¶ 33. The Court is unaware of any federal law that would permit a private plaintiff to adjudicate a civil claim for damages for the conversion or misappropriation of assets located within foreign countries and governed by the laws of foreign sovereign nations, and the Plaintiff does not name such a law.

The Plaintiff also alleges the Defendants have defrauded courts in the countries of Jordan and Egypt by "appointing themselves a Co-Represevtative's [sic] of decedent's Estate and in filing false documents . . . to swindle money while claiming that Defendant Andrea Rios was still remaining married to the decedent in order to gain inheritance of 9 shares out of 72 shares of the international assets . . . in violation of 18 U.S. Code § 1341 – Frauds and Swindles and 18 U.S.

Code § 1001 Chapter 47 – Fraud and False Statements." Compl. ¶ 31. Even assuming this Court

could involve itself in foreign legal matters without violating principles of comity and parity, the

Plaintiff fails to state a claim under 18 U.S.C. §§ 1341 and 1001 as those provisions do not

provide for civil damages but rather contemplate criminal penalties that can only be sought by

the United States.

The Plaintiff further alleges the Defendants have breached their fiduciary duties under 29

U.S.C. § 1109. Compl. ¶ 32. That provision is housed within the Employee Retirement Income

Security Plan and applies to fiduciaries of employee welfare benefit plans or an employee

pension benefit plans or plans which are both an employee welfare benefit plan and an employee

pension benefit plan. *See* 29 U.S.C. § 1109; *see also id.* § 1002. The Plaintiff draws no logical

connection between the events alleged and this provision, and it appears inapplicable.

For all of the above stated reasons, the Plaintiff fails to state a claim upon which relief

may be granted. In addition, the Plaintiff has failed to properly allege diversity jurisdiction under

28 U.S.C. § 1332(a). First, the Plaintiff fails to affirmatively allege that these claims implicate an

amount in controversy that exceeds $75,000.[3] The Plaintiff also provides an incomplete account

of the citizenship of each party. While the Plaintiff alleges "the Defendants" are residents of

Orland Park, Illinois, the Plaintiff neither alleges the citizenship of Andrea ElSharif nor alleges

whether Andrea ElSharif is a natural person and is the same person and takes the same

citizenship as Andrea Rios.[4]

---

[3] The Plaintiff repeatedly alleges Defendant Andrea Rios was administered $1,000,000 as part of a
divorce settlement following the conclusion of Andrea Rios' marriage to Seif ElSharif
[4] The Complaint appears to interchangeably refer to Defendant Jesus Rios as Jesus Rios and Jesse Rios.
The Court construes the Complaint to mean they are the same person and take the same citizenship.

The Plaintiff also fails to give an adequate account of the citizenship of the two LLCs

involved in this case, ElSharif, LLC, and JZDA LLC, in that the Plaintiff asserts they are citizens

of Illinois, the state in which they were "organized." This does not suffice, as "limited liability

companies are citizens of every state of which any member is a citizen." *Belleville Catering Co.

v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).[5] The Plaintiff does not

provide citizenship information regarding any member for either LLC.

Accordingly, the Plaintiff's request to proceed without prepayment of fees is denied, and

the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The

Court grants the Plaintiff until February 1, 2023, to file an amended complaint. *See Luevano*, 722

F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same

right to amend a complaint as a fee-paying plaintiff). Any amended complaint must cure the

deficiencies identified in this Opinion. Along with an amended complaint, the Plaintiff may also

file a new Motion to Proceed In Forma Pauperis. If the Plaintiff does not file an amended

complaint by February 1, 2023, the Court will direct the Clerk of Court to close this case.

**CONCLUSION**

Based on the foregoing, the Court hereby DENIES the Plaintiff's Motion to Proceed In

Forma Pauperis [ECF No. 2] and DISMISSES without prejudice the Complaint [ECF No. 1]

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Plaintiff is granted up to and including February

1, 2023, to file an amended complaint, as well as either a new Motion to Proceed In Forma

---

[5] If the members are natural persons, they are citizens of the state in which they are domiciled. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021). If any members are corporations, they are citizens of the state in which they have been incorporated and have their principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

Pauperis, or the filing fee. The Plaintiff is cautioned that, if he does not respond by the February

1, 2023 deadline, the Court will direct the Clerk of Court to close this case without further notice.

    SO ORDERED on December 19, 2022.


                                        s/ Theresa L. Springmann
                                        JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT